NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE: SUNDAY ORHOMURU,**
*Appellant*

---

2019-1426

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 09/862,789.

---

Decided: September 5, 2019

---

SUNDAY ORHOMURU, Stone Mountain, GA, pro se.

MARY L. KELLY, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, for appellee Andrei Iancu. Also represented by THOMAS W. KRAUSE, MONICA BARNES LATEEF, ROBERT J. MCMANUS.

---

Before PROST, *Chief Judge,* PLAGER and STOLL, *Circuit Judges.*

STOLL, *Circuit Judge.*

Sunday Orhomuru appeals from the Patent Trial and Appeal Board's affirmance of a final rejection of his pending patent claims. Because the Board did not err in its interpretation of Mr. Orhomuru's claims and because

substantial evidence supports its determination that those claims are anticipated, we affirm.

BACKGROUND

A

Mr. Orhomuru filed U.S. Patent Application No. 09/862,789 in 2001. The '789 application, titled "Data Transfer or Transfer of Data Using Wireless Mobile Phone and Any Other Wireless Mobile Devices," seeks to make "personal, business or corporate data files and database files accessible to the internet in a secure environment." Appx. 14.[1] The specification emphasizes that users can access files "using wireless mobile phone[s] and any other wireless mobile devices," Appx. 15, and it discloses that the invention works with a variety of browsers and file types, *see, e.g.*, Appx. 17.

Independent claim 5 is representative:

5.  A system for transferring data, said system comprising the steps of:

> obtaining a *wireless mobile device*, said *wireless mobile device* having a software package including a wireless mobile device browser;

> utilizing said software package of said *wireless mobile device* to access, post, update, manage and delete data online;

> utilizing said *wireless mobile device* to wirelessly access an online computer on a very secure environment with data integrity.

---

[1]    Citations to "Appx." refer to the Appendix filed with the appellee's response brief.

Appellant's Br. 26 (emphases added to disputed claim terms). Independent claims 6 and 23 recite near-identical limitations. *See id.* at 26, 28. The patent also includes dependent claims that recite that the claimed wireless mobile device browser is a wireless application protocol (WAP) browser, *see id.* at 27 (listing claims 14 and 18), and dependent claim 21 recites that the computer "has offline access to said data," *id.*

B

During prosecution, the examiner rejected Mr. Orhomuru's claims as anticipated by U.S. Patent Publication No. 2005/0192008 ("Desai"). Desai describes a system and method that allows users to share information in real-time "in a communications network such as the Internet." Appx. 666, Abstract. Desai explains that in its system, "each respective registered user [can] access, edit and manage [their] profile data [on an online information exchange system] through a network device." Appx. 720 ¶ [0014]; *see also* Appx. 723 ¶ [0092]. It states that the network device "may be any device that is adapted to communicate with the information exchange system through the network, such as a personal computer running a standard Internet web browser application, a personal digital assistant ('PDA'), a wireless application protocol telephone ('WAP phone'), a pager or a network appliance." Appx. 720 ¶ [0014]. Desai further explains privacy settings and secure hardware configurations that limit access to user information and "protect the registered user's stored profile information from hackers." Appx. 720–21 ¶¶ [0015], [0021]. Desai also explains that for security purposes, information may either be stored on the internet or on an "intranet or other local network." Appx. 728 ¶ [0126].

Mr. Orhomuru challenged the examiner's rejection of the claims, appealing to the Board. He contended that the examiner construed the claims unreasonably, and that properly understood, the claims covered only "wireless data

transfer mobile devices," and did not cover Desai's WAP technology. *See, e.g.*, Appx. 4–5. The Board rejected these arguments. It ruled that Mr. Orhomuru made only "general arguments for patentability that [we]re not based upon the factual content and disclosure within the Desai reference." Appx. 5. The Board further held that Mr. Orhomuru's arguments were "not commensurate in scope with the language" of the claims. *Id.* The Board then affirmed the examiner's rejection. Mr. Orhomuru appeals, and we have jurisdiction per 28 U.S.C. § 1295(a)(4)(A).

## DISCUSSION

Mr. Orhomuru challenges both the Board's interpretation of his claims and its conclusion that Desai anticipates those claims. We address each issue in turn.

## I

We first address Mr. Orhomuru's claim construction argument. We review the Board's ultimate claim construction de novo, *In re Man Mach. Interface Techs. LLC*, 822 F.3d 1282, 1285 (Fed. Cir. 2016), and we review any subsidiary factual findings involving extrinsic evidence for substantial evidence, *see Teva Pharm. USA, Inc. v. Sandoz, Inc.*, 135 S. Ct. 831, 841 (2015). The Board applies the broadest reasonable interpretation standard to pending claims. *In re Prater*, 415 F.2d 1393, 1404–05 (C.C.P.A. 1969) ("[C]laims yet unpatented are to be given the broadest reasonable interpretation consistent with the specification during the examination of a patent application . . . ."). Thus, the Board's construction must be reasonable in light of the record evidence and the understanding of one skilled in the art. *See Microsoft Corp. v. Proxyconn, Inc.*, 789 F.3d 1292, 1298 (Fed. Cir. 2015), *overruled on other grounds by Aqua Prods., Inc. v. Matal*, 872 F.3d 1290 (Fed. Cir. 2017) (en banc).

We hold that the Board correctly construed "wireless mobile device" as broader than "wireless data transfer

mobile device." The plain claim language requires a "wireless mobile device," not a "wireless data transfer mobile device." *See* Appellant's Br. 26, 28. The claims do not limit the type of wireless mobile device, provide any limitation on how the claimed wireless mobile device operates, or otherwise provide detail suggesting that only non-WAP devices may be a "wireless mobile device." To the contrary, dependent claims specifically reference WAP technology, requiring the wireless mobile device browser to be a wireless application protocol (WAP) browser, *see id.* at 27 (listing claims 14 and 18).

The specification similarly describes the claimed "wireless mobile device" broadly. It emphasizes that the claimed device may be a "phone and *any other* wireless mobile device[]," Appx. 15 (emphasis added), and it describes how to use the claimed invention with both WAP and non-WAP technology, Appx. 17–18 (averring that system may be used with various browsers and markup languages). No extrinsic evidence of record suggests a different result.

Mr. Orhomuru argues that wireless data transfer mobile devices meaningfully differ from those using other protocols, particularly WAP, and asserts that his claims cover only wireless data transfer mobile technology. WAP and wireless data transfer mobile devices and technologies may be different in terms of their size, touch capability, and the languages they use, as Mr. Orhomuru explains. *See* Appellant's Br. 6–9. But the claims are not limited to a specific type of wireless mobile device or even to one having particular capabilities, as explained above. Accordingly, we agree with the Board's construction of the pending claims.

## II

We next address Mr. Orhomuru's argument that the Board erred in finding that Desai anticipates his claims. Anticipation is a question of fact that we review for substantial evidence. *See In re Gleave*, 560 F.3d 1331, 1334–35 (Fed. Cir. 2009). Substantial evidence is "such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Even if evidence supports another conclusion, we affirm the Board if its conclusion finds the necessary support in the record. *See, e.g.*, *Falkner v. Inglis*, 448 F.3d 1357, 1364 (Fed. Cir. 2006) ("An agency decision can be supported by substantial evidence, even where the record will support several reasonable but contradictory conclusions.").

Substantial evidence supports the Board's finding that Desai anticipates Claim 5. As the examiner determined, Appx. 600–01, Desai describes a data transfer method using a wireless mobile device having a software package that includes a wireless mobile device browser, *see, e.g.*, Appx. 720, 737 ¶¶[0014], [0229]–[0230]. It explains how to use that wireless mobile device to access, post, update, manage and delete data online, *see, e.g.*, Appx. 723–24 ¶¶ [0092]–[0093], [0100]. And it describes using the wireless mobile device to wirelessly access an online computer on a very secure environment with data integrity, *see, e.g.*, Appx. 720–21, 724 ¶¶ [0018], [0021], [0025], [0100]. Mr. Orhomuru does not meaningfully contest that if the claims cover WAP technology, Desai anticipates,[2] and accordingly, we affirm the Board's acceptance of the examiner's rejection.

---

[2] Mr. Orhomuru briefly suggests that the prior art taught away from his invention. Reply Br. 4. Mr. Orhomuru does not fully explain this assertion, but regardless, "teaching away is not relevant to an anticipation analysis; it is only a component of an obviousness analysis." *Krippelz v. Ford Motor Co.*, 667 F.3d 1261, 1269 (Fed. Cir. 2012). Thus, even if the art did teach away, that would not overcome the anticipation rejection.

Similarly, we affirm the Board's determination that Desai anticipates independent claims 6 and 23. As the examiner found, and the Board affirmed, Desai discloses each limitation of these claims as properly construed. *See* Appx. 6, 601–04. Again, Mr. Orhomuru does not identify any element of these claims absent from Desai under the Board's interpretation of the claims. Having affirmed that interpretation, we agree that substantial evidence supports the Board. And because Mr. Orhomuru does not separately argue the patentability of dependent claims 12–20, 22, or 24–26, we likewise affirm the Board as to those claims.

Mr. Orhomuru does separately argue that dependent claim 21, which recites that the computer "has offline access to said data," Appellant's Br. 27, is patentable. But he does not clarify how or why he believes Desai fails to anticipate the claim. As the examiner explained, Desai discloses offline access to data because it describes accessing data via a local intranet rather than the internet. *See* Appx. 603 (citing Appx. 728 ¶¶ [0126]–[0127]). Given this disclosure and Mr. Orhomuru's failure to identify any specific error in the examiner's rationale, we hold that substantial evidence supports the Board's finding that Desai anticipates claim 21. Appx. 7.

## CONCLUSION

We have reviewed the parties' remaining arguments and find them unpersuasive. Accordingly, we affirm the Board.

**AFFIRMED**

## COSTS

No costs.